UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MIGUEL ANGEL FERNANDEZ,      )      CASE NO.  4:07 CV0882
                            )
          Petitioner,      )      JUDGE KATHLEEN M.  O'MALLEY
                            )
      v.                  )
                            )      <u>MEMORANDUM OF OPINION</u>
                            )   <u>AND ORDER</u>
DEPARTMENT OF HOMELAND      )
      SECURITY, <u>et al.</u>,      )
                            )
          Respondents.      )

<u>Pro se</u> petitioner Miguel Angel Fernandez filed the above-captioned petition on March 26, 2007 seeking habeas relief pursuant to 28 U.S.C. § 2241, the All Writs Act, 28 U.S.C. §1651, and relief pursuant to the Mandamus Act, 28 U.S.C. § 1361.  Mr.  Fernandez named as respondents the Department of Homeland Security (DHS), the Immigration and Naturalization Services (I.N.S.)[1] and Warden T.R. Sniezek at the Federal Correctional Institute in Elkton, Ohio

---

[1]   On March 1, 2003, the INS was abolished and its functions transferred to three bureaus within the Department of Homeland Security.  <u>See</u>  6 U.S.C. § 291. The immigration enforcement functions of INS were transferred to the Bureau of Immigration and Customs

(continued...)

(F.C.I. Elkton).  Mr. Fernandez, who is incarcerated in F.C.I. Elkton, seeks an order releasing him to a half-way house, scheduling a hearing and/or immediate removal of the detainer lodged by the DHS.

## Background

Mr. Fernandez was convicted in the United States District Court for the Northern District of Florida of possession with intent to distribute methylenedioxymethamphetamine ("Ecstacy") in violation of 21 U.S.C. §§ 841 and 846.  The court sentenced him to 27 months in prison on February 19, 2003.

On the date petitioner was scheduled to self-surrender, April 11, 2003, he failed to appear.  He was subsequently taken into custody, convicted and sentenced to a consecutive term of 33 months of imprisonment.

A warrant for the arrest of Mr. Fernandez was issued by the I.N.S. on August 21, 2003.  (Pet.'s Atth. #4, at 1.)  The warrant described petitioner as an alien who entered the United States at or near New York, New York on February 22, 1972 in violation of immigration laws. Attached to the warrant is a Notice to Appear wherein the I.N.S. sets forth, in pertinent part, that Mr. Fernandez is not a citizen or national of the United States, he is a native and citizen of Cuba, he was admitted to the United States at New York, New York as a "parole" on February 22, 1972, his status was adjusted to a lawful permanent resident on September 9, 1980 and after his conviction of February 19, 2003 he was charged as being subject to removal pursuant to Section 237 of the Immigration and Nationality Act (INA).  (Pet.'s Atth. #4, at 3.)

---

[1](...continued)
Enforcement ("BICE") within the Department of Homeland Security.

2

Presumably because he was already in prison, the I.N.S. lodged a detainer against petitioner on October 21, 2004.  From June 22, 2004,[2] through January 7, 2007  he sent "eight letters to resolve the detainer and issues with I.N.S.," but has yet to receive a response.  In the letters attached to his petition, Mr. Fernandez complains to the I.N.S. that the detainer is impeding his rehabilitation and creating unwarranted hardship.[3]

In 2006, Mr. Fernandez filed a petition for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2241.  See Fernandez v. Sniezek, No. 4:06cv1569 (N.D. Ohio filed June 26, 2006) (Gwin, J.)  Before the court addressed the merits of his petition, however, he filed a motion to withdraw it without prejudice, which the court granted on August 11, 2006.

Mr. Fernandez subsequently enrolled in a Residential Drug Abuse Program (RDAP) at F.C.I. Elkton.  He successfully completed the program on September 26, 2006 and states he became "eligible for release pursuant to 18 U.S.C. §3621(e)."  (Pet. at 3.)  He claims, however, that the detainer lodged by the I.N.S. is preventing him from exercising his right to early release.  The last attempt he made at resolving this issue within F.C.I. Elkton was through an "Inmate Request to Staff" form he sent to his Case Manager, dated February 16, 2007.  He queried whether he would have been eligible for early release under 18 U.S.C. § 3621(e) if he did not have a detainer lodged against him and, if so, would the matter be resolved with the removal

---

[2]The court presumes that he started writing these letters in June *2005*, since that postdates the detainer lodged.

[3]In his letter dated January 27, 2006 to Nancy Pawlish, Investigative Assistant for the U.S. Immigration and Customs Enforcement, Mr.  Fernandez indicates his date of birth as December 2, 1967 and states "I immigrated to the United States with my parents when I was nine months old."  (Pet.'s Atth. 3, at 1.)  In his petition, however, he states he, "is 39 years old and had lived in the United States since he was 4 years old, for a total of 35 years."  (Pet. at 3.)

of the detainer.  The staff member replied the following day and advised Mr. Fernandez that but for the immigration detainer he would be eligible for early release and qualify for CCC.  The staffer qualified his response by adding that Mr. Fernandez's eligibility for early release would depend on when the detainer was removed.  (Pet.'s Atth. 1.)

*Analysis*

Mr. Fernandez claims he has been a lawful permanent resident of the United States since April 17, 1977.[4]  (Pet. at 3.)  His family, which includes two children, a common law wife, and his mother all live in Miami, Florida.  Working as an electrician, petitioner claims he has been the sole supporter of the family.  Even after he was imprisoned, petitioner states that he has worked hard and earned many achievements including fitness awards, completion of real estate business classes and life skills courses.  It is his completion of the 500-hour RDAP in September 2006, however, that is the basis for his claim that he is entitled to early release.

Within the three principle arguments Mr. Fernandez outlines in his petition before this court, he maintains: (1) deportation would be improper because it is United States policy to protect Cubans fleeing to the United States, (2) his Fifth and Fourteenth Amendment rights to due process are being violated because he was entitled to release upon completion of the RDAP on or about September 26, 2006 in accordance with 18 U.S.C. § 3621(e), and (3) the I.N.S. detainer is a detriment to him in prison.

With regard to the deportation issue, it is Mr. Fernandez's opinion that section 207(b) of the INA entitles him to seek sanctuary in this country as a refugee.  See 8 U.S.C. §

---

[4]This is contrary to the I.N.S. warrant, which states Mr. Fernandez became a permanent resident of the United States "on or about September 9,1980."  (Pet.'s Atth. 4, at 3.)

1157(b).  While he acknowledges that crimes of violence or crimes against the Unites States would foreclose any opportunity for him to seek refugee protection, petitioner maintains that his "conviction under 18 U.S.C. § 841 and 3146 was [sic] not a crime of violence as described in Leocal v. Ashcroft, 543 U.S. 1 (2001), or a crime against the government of the United States as to warrant removal to a communist country."  (Pet. at 7.)  Moreover, he argues that deportation would cause his family to suffer undue hardship and, thus he is entitled to continue his resident status in accordance with section 244 of the INA, 8 U.S.C. § 1254.  He cites Immigration and Naturalization Service v.  Hector, 479 U.S. 85 (1986) for the proposition that his deportation should be "waived" because he lived in the United States for seven years and can demonstrate extreme hardship to himself, his spouse and his children.  He contends that his family relies on him for financial support, his mother is elderly and he would be persecuted if he were deported to Cuba.

Relying on the provisions of 18 U.S.C.  § 3621, Mr. Fernandez asserts that he is entitled to early release into a Community Corrections Center (CCC) because he completed the RDAP on September 13, 2006.  Since the placement of a detainer precludes him from taking advantage of § 3621's early release provision, Mr.  Fernandez argues that his right to due process under the 5th and 14th Amendments is being violated.  He argues that a determination of whether an inmate is suitable for placement in a CCC is based on his "public safety factor," or whether that prisoner has a propensity for violence.  Mr. Fernandez maintains that he is no threat to the community and was not convicted of a violent offense.  While conceding that "[d]eportable aliens are usually precluded from serving the final portion of their sentences in a half-way house or (ccc) [sic]. However, Title 18 U.S.C. S.  3624(c) provides that, to the extent practicable, the B.O.P.

shall assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 % of the term in such a facility or in home confinement." (Pet. at 12.) With regard to deportable aliens, Mr. Fernandez relies on an opinion issued in the First Circuit Court of Appeals to suggest that, as an alien, he may participate in a "pre-release program only if it can be established that (1) a verifiable history of stable full-time employment for [sic] at case to determine whether relief is warranted. De Araujo v. Gonzales, 457 F.3d 146 (1st Cir. 2006)." (Pet. at 12-13.).   He asserts that he meets all of the relevant criteria.

*Removal of Detainer*

Before the merits of Mr.  Fernandez's petition could even be considered, this court is "under an independent obligation to examine . . .[its] own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). With regard to Mr.  Fernandez's request for immediate removal of the I.N.S. detainer, he has failed to secure the jurisdiction of this court.

**a.  All Writs Act**

The All Writs Act, 28 U.S.C.§ 1651(a), empowers federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'  The exercise of this power 'is in the nature of appellate jurisdiction' where directed to an inferior court. F.T.C. v. Dean Foods Co., 384 U.S. 597, 603 (1966 ).   This is not a basis upon which this court may exercise jurisdiction over the I.N.S.

**b.  Mandamus Act**

Petitioner's reliance on the Mandamus Act is similarly misplaced.  The Act vests

6

district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir.1992); see also Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir.1998).   Mr. Fernandez would have to establish: (1) that he has a clear right to have the detainer removed; (2) that defendants have a nondiscretionary duty to remove the detainer; and (3) that he has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy); Dunn-McCampbell Royalty Interest, Inc. v. National Park Service, 112 F.3d 1283, 1288 (5th Cir.1997) (duty must be for specific, ministerial act, devoid of discretion).

The Supreme Court has made it clear that the mere lodging of a detainer does not violate a prisoner's due process rights. Moody v. Daggett, 429 U.S. 78, 86 (1976).  Thus, any adverse impact on a prisoner's classification and his eligibility for institutional programs is not sufficient to invoke a due process claim. Id. at 88 n. 9.  Reflecting on an earlier opinion, the Court noted:

> In Meachum v. Fano, 427 U.S. 215 . . . , for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no

7

> legitimate statutory or constitutional entitlement sufficient
> to invoke due process.

Id. Therefore, because petitioner has no constitutional right to attack the detainer lodged against him, he has failed to allege mandamus relief which requires that his asserted right to have the detainer removed be based on a clear duty owed to him by respondents.

**c.  28 U.S.C. § 2241**

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody"). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495. To evaluate jurisdiction, a court therefore must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian

The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held.  See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir.  2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained); see e.g., Vasquez v. Reno, 233 F.3d 688, 693 (1st Cir.  2000) (alien seeking writ of habeas corpus contesting legality of his detention by Immigration and Naturalization Service (I.N.S.) was required to name as respondent individual having day-to-day control over facility in which he was being detained, not

Attorney General, absent extraordinary circumstances); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992); Blango v. Thornburgh, 942 F.2d 1487, 1491-92 (10th Cir.1991) (per curiam); Brennan v. Cunningham, 813 F.2d 1, 12 (1st Cir.1987); Monk v. Secretary of Navy, 793 F.2d 364, 368-69 (D.C.Cir.1986); Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d Cir.1976); Jones v. Biddle, 131 F.2d 853, 854 (8th Cir.1942). The warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. Blango, 942 F.2d at 1492 n. 10.

Given this solid wall of authority, it settled beyond question that when a prisoner petitions for a writ of habeas corpus under 28 U.S.C. § 2241, he must name as the respondent the superintendent of the facility in which he is being held. Vasquez, 233 F.3d at 690-91 (prisoner's proper custodian for purposes of habeas review is warden of facility where he is being held). However, even though Mr. Fernandez properly named his actual custodian in this petition, the warden is clearly without authority to grant petitioner's requested relief.

Petitioner cites no cases in which the lodging of such a detainer was deemed to bestow custody of a prisoner upon the I.N.S. In fact, most circuits have held that an I.N.S. notice of detainer does not place the prisoner in I.N.S. custody. See, e.g., Prieto v. Gluch, 913 F.2d 1159, 1162 (6th Cir.1990); Orozco v. I.N.S. , 911 F.2d 539, 541 (11th Cir.1990); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir.1988). Therefore, inasmuch as petitioner is not in the custody of the I.N.S. and his present custodian does not have authority to remove the detainer lodged by the I.N.S., this court lacks jurisdiction over petitioner's request for habeas relief pursuant to § 2241.

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be

taken in good faith.[5]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M.  O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  June 13, 2007

---

[5]28 U.S.C. § 1915(a)(3) provides:

An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.